IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| B&M Properties, LLC, | ) Chapter 11 |
| Debtor. | ) Bankruptcy Case No. 05-83025 |

| | |
|---|---|
| PEOPLES BANK OF NORTH ALABAMA, | ) |
| Appellant, | ) |
| v. | ) CIVIL ACTION NO. 05-G-2623-NE |
| SAIIA CONSTRUCTION, LLC, | ) |
| Appellee. | ) |

## MEMORANDUM OPINION

This cause is before the court on appeal from a final order entered by the United States Bankruptcy Court for the Northern District of Alabama, Northeastern Division on October 19, 2005. Jurisdiction for this appeal exists under 28 U.S.C. § 158(a)(1) and 28 U.S.C. §1292(b).

## ISSUE

Whether abstention doctrines applied to this involuntary bankruptcy case making it an error of law for the Bankruptcy Court to adjudicate the case before the active state case was resolved.

## **FINDINGS OF THE COURT**

The Bankruptcy Court should have abstained from the perfection issue under both the mandatory and discretionary abstention provisions of 28 U.S.C. § 1334(c). Not to do so was an error of law. Without resolution of the perfection issue by the state court, the priority issues could not properly be decided by the Bankruptcy Court. Accordingly, the Plan confirmed by the Bankruptcy Court is not valid and, the decision of the bankruptcy judge must be reversed and the Plan vacated.

## **FACTS**

B&M Properties, LLC, (B&M), owned approximately sixty-seven acres of land in Cullman County, Alabama. The property consists of three separate but connected parcels. B&M financed the purchase of this property through mortgage loans of approximately $1,340,000.00 from Peoples Bank of North America (Peoples). These mortgage liens were duly recorded.

The three parcels were purchased individually over a period of five months from July 24, 2003 to December 9, 2003. During the course of these purchases, SAIIA was hired on September 25, 2003, to clear, excavate, and grade the property. Work was performed. Dispute exists as to when the work was commenced, whom the parties to the contract were, how open and obvious its work was, and the effect of its commencement on Peoples' and SAIIA's

-2-

respective priorities and claims against B&M's assets.[1]  All of these issues were later made the subject of an action filed by SAIIA in state court as discussed below.     SAIIA filed a Verified Statement of Lien against the property with the Probate Court of Cullman County on May 3, 2004.  On June 21, 2004, SAIIA filed suit in the Circuit Court of Cullman County to perfect its lien and to establish its lien priority.  This case has not been litigated to judgment, but was on the active docket when SAIIIA filed an Involuntary Petition for Relief against B&M in the Bankruptcy Court of the district on June 17, 2005.  By this petition, B&M was named as Debtor in an involuntary Chapter 11 bankruptcy proceeding.  Peoples filed a Ballot rejecting the Plan of Organization.  B&M, Paragon Engineering, Inc. (one of SAIIA's sub-contractors), and Peoples filed objections to confirmation.  Peoples filed a motion to convert to a Chapter 7 and objected to SAIIA's claim.  Peoples also filed a supplemental objection to confirmation.

On November 16, 2005, the Bankruptcy Court entered an order confirming the Chapter 11 Plan and issued a Supplemental Stay Order.  On November 21, 2005, the Bankruptcy Court issued a Certified Question to the Alabama Supreme Court asking whether the Statement of Lien filed by SAIIA was sufficient to satisfy the verification requirement of Alabama Code 1975 § 35-11-213, a requirement for lien perfection.  This question remains pending.

---

[1] Because of the court's holding that the Bankruptcy Court should have abstained from deciding the perfection issue, a detailed rendition of facts concerning the commencement of work is unnecessary in this opinion.

-3-

In confirming the Plan, the bankruptcy court decided, *inter alia,* the SAIIA mechanic's lien perfection issues that were pending in the circuit court–when the work was commenced, whom the parties to the contract were, how open and obvious the work was, and the effects of all of these facts on the mortgage and lien filings on Peoples' and SAIIA's determining the respective priorities and claims against B&M's assets. Whether SAIIA had a perfected mechanic's lien should have been adjudicated in the state action.

The Bankruptcy Court was subject to mandatory abstention under 28 U.S.C. § 1334(c) concerning the perfection of SAIIA's mechanic's lien. Mechanic's liens are creatures spawned by state law and brought to fruition as claims secured by an interest in real property under Alabama Code § 35-11-222 exclusively in the state courts. This state-bestowed status is what raises a lien from an inchoate cash claim to a secured property right. By law, this secured status must be established by the state court. The Bankruptcy Court does not have jurisdiction to create this property right.

Under 28 U.S.C. § 1334(c)(2), mandatory abstention is required when:

1. A party makes a timely motion; [BR dkt. # 60]
2. The proceeding is based upon a state law cause of action;
3. The proceeding is only related to a case under the Bankruptcy Code; but does not arise under the Code or in a case under the Code;
4. Federal jurisdiction is absent aside from 28 U.S.C. § 1334;
5. The action is commenced in state court; and
6. The action can be timely adjudicated in state court.

All of these elements are met here. Peoples timely filed its motion for abstention on September 27, 2005, during the bankruptcy proceedings. BR dkt. # 60. SAIIA's goal in initiating the bankruptcy proceedings was to recover the claimed lien amount against B&M, the same goal in the suit it initiated in its state court action to perfect and enforce its lien. The action is therefore based on state law–the perfection and enforcement of a mechanic's lien under Alabama Code § 35-11-222. The proceeding is related to a Bankruptcy case only because SAIIA filed an involuntary petition naming B&M as the Debtor. No federal jurisdiction exists for perfection of liens on Alabama property. The action was commenced in state court and by the same party who filed the involuntary petition in the Bankruptcy Court. The court has no knowledge that the action cannot be timely adjudicated in the state court and assumes that it can.

Additionally, the Bankruptcy Court could and should have exercised discretionary abstention under the circumstances of this case. SAIIA was apparently forum shopping when it filed the involuntary petition. Federal courts are courts of limited jurisdiction, and bankruptcy courts are federal courts of particularly narrow jurisdiction. Federal courts are not meant to be used as an alternative to state courts for snappier service, if counsel can devise a way to come in under the radar.

Discretionary abstention from non-core proceedings may be exercised in the interest of justice or out of respect for state comity. 28 U.S.C. § 1334(c)(1).

Case 05-83025-JAC11    Doc 112    Filed 06/05/06    Entered 06/05/06 15:13:24    Desc
Main Document    Page 5 of 6

The court may consider many factors in making this decision. *See, Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1016 (Bankr. N.D. Ala. 1996)(enumerating twelve factors). Some factors that militate strongly in favor of abstention in the case at bar include: the extent to which the state law issues predominate over bankruptcy issues; the presence of a related proceeding in state court; the degree of relatedness of the proceeding to the main bankruptcy case; the substance rather than the form of the core proceeding; and <u>the likelihood that the commencement of the bankruptcy case was forum shopping</u>. *See, In re Perfect Home, LLC*, 231 B.R. 358 (N.D. Ala. 1999).

Accordingly, the decision of the Bankruptcy Court is due to be reversed and the case remanded to the Bankruptcy Court with instructions to vacate the Plan and stay the bankruptcy proceedings until the suit in Cullman County regarding the perfection of SAIIA's lien is litigated to final judgment. An order in conformity with this Opinion will be entered.

DONE and ORDERED this day, June 5, 2006.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.